## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| RICHARD FUNARI, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. SAG-20-3474 |
| | * | |
| DEPARTMENT OF PUBLIC SAFETY | * | |
| AND CORRECTIONAL SERVICES, *et al.,* | * | |
| | * | |
| Defendants. | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## <u>MEMORANDUM OPINION</u>

Plaintiff Richard Funari ("Plaintiff") filed this lawsuit in August, 2020, claiming damages arising out of a physical interaction with correctional officers while in the process of release from the Men's Rehabilitation and Diagnostic Classification Center ("MRDCC").  Currently pending and ripe for disposition are three motions: a motion to dismiss by Defendant Cleveland Friday, ECF 44, a motion to dismiss Counts Eight and Nine by Defendants Danielle Faison, Joseph Reed, and Damon Lann, ECF 45, and Plaintiff's motion for leave to file a second amended complaint, ECF 47.  This Court has reviewed those motions and the related filings.  ECF 48, 54, 56.  No hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2021).  For the reasons stated herein, the Defendants' motions will be granted and Plaintiff's motion will be denied.

### I.    PROCEDURAL BACKGROUND

This Court summarized the substantive factual background of this case in its opinion of April 8, 2022, and incorporates that factual summary by reference herein.  ECF 42 at 1-3. Procedurally, Defendants removed this case to this Court on November 30, 2020.  ECF 1. Defendants filed a motion to dismiss, which was granted in part and denied in part on April 7, 2021.  ECF 20.  Defendants then filed an answer on May 3, 2021.  ECF 21.  This Court promptly

entered a scheduling order on May 4, 2021 and discovery commenced.  ECF 22.  On May 18, 2021, this Court granted the parties' joint request to extend the deadlines in the scheduling order.  ECF 24.  Under the extended deadlines, the parties had until November 22, 2021 to move for joinder of parties or amendment of pleadings.  *Id.*.

On that November 22, 2021 deadline, Plaintiff filed a motion for leave to amend his Complaint.  ECF 25.  This Court granted the unopposed motion and the First Amended Complaint ("FAC") was filed.  ECF 27.  The parties then jointly sought to modify the scheduling order, ECF 28, which this Court granted.  ECF 29.  The new discovery deadline became May 30, 2022.  *Id.*

Though several of the Defendants failed to file any response to the FAC, a newly named defendant, Robert Green, filed a motion to dismiss.  ECF 34.  This Court granted that motion on April 8, 2022, noting that the analysis as to the claims against Green would also apply to another defendant, Cleveland Friday, who had not sought dismissal.  ECF 42 at 11 n.2.  This Court further ordered that the remaining defendants file their responses to the FAC within fourteen days.  *Id.*  In response, Friday filed a motion to dismiss.  ECF 44.  Faison, Lann, and Reed filed a motion to dismiss Counts Eight and Nine based on the reasoning of the Court in its opinion dismissing the claims against Green.  ECF 45.  Defendants filed an Answer as to the other remaining counts.  ECF 46.

Subsequently, on May 6, 2022, Plaintiff filed his motion for leave to file a proposed second amended complaint ("PSAC").  ECF 47.  The PSAC seeks to add a new defendant, Captain Wallace Singletary, seeks to re-plead claims against Green, and seeks to add a new claim for civil conspiracy, among other less significant changes.  *Id.*; ECF 47-1.

## II.    ANALYSIS

### A.  Motion for Leave to Amend

Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  However, the Rule requires courts to "freely give leave when justice so requires."  *Id.*  The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010).  Accordingly, leave to amend should be denied only if "prejudice, bad faith, or futility" is present.  *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509-10 (4th Cir. 1986) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012).  Ultimately, the decision to grant leave to amend rests in this Court's discretion.  *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

However, because Plaintiff is seeking leave to amend well after the deadline for amendment provided by the scheduling order, the liberal Rule 15 standard must be weighed against the requirements of Federal Rule of Civil Procedure 16(b)(4), which reads, "[a] schedule may be modified only for good cause and with the judge's consent."

Defendants argue that Plaintiff's motion for leave to amend should be denied for two separate reasons.  ECF 54-1.  First, the motion for leave to amend was filed more than five months after the deadline for joinder of additional parties or amendment to the pleadings, and about three and half weeks before the discovery deadline.  Second, the proposed amendment would not

withstand a motion to dismiss.[1]  This Court agrees that the belated amendment would be improper under the standards described below.

The operative scheduling order in this case provided a November 22, 2021 deadline for the joinder of additional parties or the amendment of pleadings.  ECF 24.  Plaintiff did not file the instant motion for leave to amend until more than five months later, on May 6, 2022.  ECF 47.  As such, Plaintiff must satisfy the good cause standard set forth in Rule 16(b)(4) before this Court will find leave to amend under Rule 15 to be appropriate.

Other cases have described the existing tension between these two federal rules.   In *Nourison Rug Corp. v. Parvizian*, like in the instant case, a party sought amendment of its pleading after the expiration of the deadline in the scheduling order.  535 F.3d 295, 297 (4th Cir. 2008).  The Fourth Circuit noted that, "[g]iven their heavy case loads, district courts require the effective case management tools provided by Rule 16."  *Id.* at 298.  Accordingly, the Fourth Circuit explained

---

[1] There is significant ambiguity as to the appropriateness of analyzing whether a complaint would survive a motion to dismiss when considering the propriety of amendment under Rule 15.  *See, e.g.*, *Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 522 (D. Md. 2014) (stating that review for futility "does not involve 'an evaluation of the underlying merits of the case'" but asserting that leave to amend may be denied if proposed amendments are mere "[t]hreadbare recitals of the elements of a cause of action" that are clearly insufficient under Rule 8(a)(2)) (internal citations omitted).  *See also Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC*, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012) ("[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.") (alterations in original) (internal citations and quotation marks omitted), *but see U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376-79 (4th Cir. 2008) (affirming trial court's discretion to deny leave to amend where it was clear that proposed amended claim could not withstand a Rule 12(b)(6) motion ), *and Perkins v. United States*, 55 F.3d 910, 916-17 (4th Cir. 1995) (same).  Even against this murky backdrop, it does not follow that every plaintiff seeking leave to amend claims must demonstrate that the claims can withstand a Rule 12(b)(6) motion.  Such a requirement would render superfluous the Fourth Circuit's definition of a futile claim as one that is "clearly insufficient or frivolous on its face," *Johnson*, 785 F.2d at 510, and would run contrary to the Fourth Circuit's well-established policy to liberally allow amendment under Rule 15(a)," *Galustian*, 591 F.3d at 729.  Here, this Court need not untangle this knot, because it finds amendment otherwise unwarranted on the basis of timing and prejudice, without reaching the issue of futility.

that the party seeking to modify the scheduling order must meet the good cause requirement of Rule 16(b)(4), before the court would consider the more liberal standard for amendment of a pleading in Rule 15(a)(2).  *Id.*; *see also Cook v. Howard*, 484 Fed. App'x. 805, 814-15 (4th Cir. 2012) ("[U]nder Rule 16(b)(4), a party must first demonstrate 'good cause' to modify the scheduling order deadlines, before also satisfying the Rule 15(a)(2) standard for amendment.").

To establish good cause, the party seeking to amend the scheduling order must "'show that the deadlines cannot reasonably be met despite the party's diligence,' and whatever other factors are also considered, 'the good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule.'"  *Cook*, 484 F. App'x at 815 (quoting 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 1522.2 (3d ed. 2010)); *see also Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002) ("The primary consideration of the Rule 16(b) 'good cause' standard is the diligence of the movant.  Lack of diligence and carelessness are 'hallmarks of failure to meet the good cause standard.' . . . 'If [the moving] party was not diligent, the inquiry should end.'" (citations and emphasis omitted)); *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D. Md. 1999) ("Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts.  Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." (internal citations and quotations omitted)).

Applying these standards, Plaintiff has failed to establish good cause for his tardy motion for leave to amend.  In fact, he provides almost no explanation for the delay, other than a cursory allegation that he "has obtained additional discovery" without specifying when he did so.  ECF 47 at 2.  In contrast, Defendants have established that discovery containing many of the relevant facts

was produced to Plaintiff in July, 2021, well before the deadline for amendment of pleadings.  ECF 54-2, 54-3, 54-4.  For example, Singletary's name was contained in reports produced long ago, and his name was even mentioned in the FAC.  ECF 27 ¶ 41.  There is simply no reason Plaintiff failed to act with greater diligence once he became aware of the relevant information.  *See Kantsevoy v. LumenR LLC*, 301 F. Supp. 3d 577, 590 (D. Md. 2018) (finding that the defendant's argument that it "had not previously 'appreciated' its potential counterclaim, despite having knowledge of the document that purportedly gave rise to it, does not support its claim of diligence," especially where that appreciation came about five months prior to the amendment deadline); *CBX Techs., Inc. v. GCC Techs., LLC*, 2012 WL 3038639, at *4 (D. Md. July 24, 2012) ("[Plaintiff] has not offered any facts that would support an amended complaint and that were not discoverable by [plaintiff] through proper diligence prior to the deadline of the original scheduling order for filing a motion for leave to amend the complaint.").  Plaintiff's vague allegations about discovery stonewalling do not salvage his position, because if he were being stonewalled he needed to act diligently to bring the issue to the Court's attention rather than letting important deadlines expire.

Accordingly, under these circumstances, this Court finds that Plaintiff has demonstrated no good cause for filing his motion for leave to amend the complaint more than five months after the deadline provided in the Scheduling Order, and roughly ten months after his discovery of at least some of the new facts he now seeks to include.  And where a moving party fails to demonstrate good cause under Rule 16(b), the Court need not address the remaining Rule 15(a) factors.  *See, e.g.*, *Nourison Rug*, 535 F.3d at 299 (declining to address the Rule 15(a) factors after upholding the trial court's finding of no good cause under Rule 16(b)).

This Court alternatively notes, however, that if the Rule 15(a) factors were considered, there is no doubt that the Defendants could establish prejudice.  "Perhaps the most important factor

listed by the [Supreme] Court for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter a pleading."  6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* (2004 & 2015 Supp.) ("Wright & Miller"), § 1487 at 701 (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971); *United States v. Hougham*, 364 U.S. 310 (1960)).  The burden of showing prejudice falls on "[t]he party opposing amendment."  *Atlantic Bulk Carrier Corp. v. Milan Exp. Co.*, 2010 WL 2929612, at *4 (E.D. Va. July 23, 2010).  As the Fourth Circuit explained in *Newport News Holdings Corp. v. Virtual City Vision, Inc.*, "[w]hether an amendment is prejudicial will often be determined by the nature of the amendment and its timing . . . [T]he further the case progressed before judgment was entered, the more likely it is that the amendment will prejudice the defendant . . .'".  650 F.3d 423, 439 (4th Cir. 2011) (quoting *Laber*, 438 F.3d at 427) (alteration in *Laber*).

Prejudice can be found "where a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party [and] . . . the amendment is offered shortly before or during trial."  *Johnson*, 785 F.2d at 510 (citations omitted).  In contrast, "[a]n amendment is not prejudicial . . . if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred."  *Laber*, 438 F.3d at 427.  Thus, the court must examine the facts of each case "to determine if the threat of prejudice is sufficient to justify denying leave to amend."  Wright & Miller, § 1487 at 701.

Although it appears that the parties may have informally agreed to take certain discovery after the deadline without seeking leave of court, the discovery deadline has now expired.  ECF 53 (status report suggesting that the parties have agreed to defer certain depositions).  Therefore, the addition of the new defendant and the entirely new claims would require the reopening of fact discovery and the likely redeposition of a series of witnesses.  Plaintiff concedes as much in his

reply.  ECF 56 at 6 ("The Court should, instead, allow for discovery of these claims in the interests of justice . . .").  It is clear, then, that Defendants would suffer prejudice from the late-stage amendment, providing an independent basis to deny leave to amend even under the more lenient Rule 15 standard.  Thus, this Court need not address the futility of the proposed claims and will deny leave to amend.

## B.  Motions to Dismiss

### 1.  Motion to Dismiss Counts Eight and Nine

Certain Defendants seek to dismiss Counts Eight and Nine of the FAC, which assert claims of free speech violations under the federal and Maryland constitutions.  Plaintiff has not responded to the motion to dismiss those claims and has excised them from his proposed Second Amended Complaint.  Because it appears that the claims have been abandoned, this Court will grant the motion to dismiss them.

### 2.  Friday's Motion to Dismiss

In this Court's April 8, 2022 Memorandum Opinion, it noted that its ruling "would likely apply equally to certain pending claims against the other supervisory Defendant, Warden Friday." ECF 42 at 11 n.2.  Friday now seeks dismissal of the claims against him, citing essentially the same arguments this Court credited with respect to Defendant Green.  The allegations in the FAC against Green and Friday are almost always collectively asserted against the two, meaning that they are equally deficient against both Defendants.  There are just two factual allegations against Friday that do not also allege identical actions by Green:

> 38. On information and belief, Secretary Robert Green of Defendant DPSCS had knowledge of Defendant Friday's implementation of policy concerning vigilantism and violence as a means of inmate and detainee control.

> 85. The attacks on Plaintiff, including the October 18, 2019 attack, were used

as an unacceptable form of discipline and was consistent with the culture of the MRDCC under Defendant Friday's leadership.

Those facts are at the same level of generality as the other allegations against "Green and Friday," in that there are literally no specific factual allegations to suggest any "policy concerning vigilantism and violence as a means of inmate and detainee control" or the "culture of the MRDCC under Defendant Friday's leadership." As this Court explained in its earlier opinion, "[t]he FAC lists no other incidents of violence or other specific misconduct at MRDCC, even by general description. Mere boilerplate allegations of a 'culture of violence and vigilantism,' without any supporting or descriptive facts, do not allow this Court to infer knowledge and deliberate indifference on the part of the municipality." ECF 42 at 8-9.

## III.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Leave to File Second Amended Complaint, ECF 47, will be DENIED. Defendants' Motions to Dismiss; ECF 44, ECF 45; will be GRANTED. A separate Order follows.


Dated: June 29, 2022                              _____/s/_____
                                                  Stephanie A. Gallagher
                                                  United States District Judge